## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

ROLANDO JORDAN, RONALD WARD,       )
and KENNETH ROLLINGCLOUD,           )
individually and on behalf of all others   )
similarly situated,                  )
                                     )
      Plaintiffs,              )
                                     )
      v.                       )      CASE NO.: 1:16-CV-335-TLS
                                     )
DAVID GLADIEUX, ALAN COOK, and       )
CHARLES HART,                        )
                                     )
      Defendant.               )

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs Rolando Jordan, Ronald Ward, and

Kenneth Rollingcloud's First Amended Motion for Class Certification [ECF No. 31]. Defendants

Charles Hart, Alan Cook, and Allen County Sheriff David Gladieux objected to class

certification and filed a Response to Motion for Class Certification [ECF No. 43]. The Plaintiffs

timely filed their Reply [ECF No. 47]. This matter is thus fully briefed and ripe for review.


## BACKGROUND

This background is provided through the pleadings, class certification motions, and

attached exhibits. The Plaintiffs allege that the Defendants have substantially burdened Muslim

and Native American inmates' exercise of religion in the Allen County Jail. (First Am. Class

Action Compl., ECF No. 30, at ¶ 1.) Plaintiff Rolando Jordan is Muslim and was an inmate in

Allen County Jail from January 2016 through August 2016. (*Id.* at ¶ 6.a.) Plaintiff Ronald Ward

is also Muslim and was an inmate at the Allen County Jail when the Plaintiffs moved to certify

the class. (*Id.* at ¶ 6.b.) Plaintiff Kenneth Rollingcloud is a Native American, practices a traditional Native American faith, and was an inmate at the Allen County Jail when the Plaintiffs moved to certify the class. (*Id.* at ¶ 6.c.) Defendant David Gladieux is the Allen County Sheriff and operates the Allen County Jail. (*Id.* at ¶ 7.) Defendant Alan Cook is the current Commander of the Allen County Jail, and Charles Hart is a former Commander of the Allen County Jail. (*Id.* at ¶ 8.)

Broadly, the Plaintiffs assert that Muslim and Native American inmates at the Allen County Jail are forbidden from gathering for weekly communal worship, but Protestant Christian inmates are permitted to do so. (First Am. Class Action Compl. at ¶ 16.) Additionally, the Plaintiffs contend that both Muslim and Native American inmates are forbidden from possessing articles of religious devotion, such as prayer rugs and religious head coverings for Muslim inmates, and medicine bags and religious headdress for Native American inmates. (*Id.* at ¶ 24.) The Plaintiffs brought their claims on behalf of themselves and all others similarly situated as members of the following proposed class:

> All individuals held at the Allen County Jail between October 2014 and September 2016 practicing a Muslim or traditional Native American faith who have been forbidden from engaging in Muslim or traditional Native American communal worship and/or have been forbidden from keeping an article of Muslim or traditional Native American religious devotion.

(First Am. Motion for Class Cert. at 3.)


## LEGAL STANDARD

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Instead, plaintiffs bear the burden to show that a proposed class satisfies Rule 23. *Arwa Chiropractice, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, No. 14-

C-5602, 2017 WL 4339788, at *2 (N.D. Ill. Sept. 29, 2017) (citing *Messner v. Northshore Univ. Healthsys.*, 669 F.3d 802, 811 (7th Cir. 2012)). A plaintiff satisfies Rule 23 when he meets all of the requirements of Federal Rule of Civil Procedure 23(a) and one of the requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). First, the plaintiff must show:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4); *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 892–93 (7th Cir. 2012).

If a plaintiff meets these four prerequisites, the plaintiff then must also satisfy one of the subsections of Rule 23(b). Here, the Plaintiffs aim to satisfy Rule 23(b)(3), which is satisfied if:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>
>> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3); *Harper v. Sheriff of Cook Cty.*, 581 F.3d 511, 513 (7th Cir. 2009).

In deciding whether Rule 23 has been satisfied, the district court undertakes "a rigorous analysis" by making the necessary factual and legal inquiries. *Dukes*, 564 U.S. at 350; *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). This analysis may require some overlap with the merits of the Plaintiffs' underlying claim. *Dukes*, 564 U.S. at 351.

## ANALYSIS

The Plaintiffs brought their claims on behalf of themselves and all others similarly situated as members of the following proposed class:

> All individuals held at the Allen County Jail between October 2014 and September 2016 practicing a Muslim or traditional Native American faith who have been forbidden from engaging in Muslim or traditional Native American communal worship and/or have been forbidden from keeping an article of Muslim or traditional Native American religious devotion.

(First Am. Motion for Class Cert. at 3.) To certify the class, the Plaintiff must first satisfy the four familiar Rule 23(a) requirements: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a)(1)–(4). The Defendants oppose class certification on two grounds. First, they contend that the Plaintiff's proposed class is not identifiable. (Resp. to Mot. for Class Cert. at 4–5.) Second, the Defendants assert that the Plaintiffs failed to satisfy the numerosity requirement of Federal Rule of Civil Procedure Rule 23. (*Id.* at 5–6.) The Court agrees that the Plaintiffs have not satisfied Rule 23.

### A. Ascertainability

Federal Rule of Civil Procedure 23 contains an implicit "ascertainability" requirement that class membership be clearly defined by objective criteria. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015). A plaintiff seeking class certification must "identif[y] a

particular group of individuals . . . harmed in a particular way . . . during a specific period in particular areas." *Id.* at 660–61. She need not develop "a reliable and administratively feasible way to determine whether a particular person is a class member" to satisfy Rule 23's implicit ascertainability requirement. *Beley v. City of Chi.*, No. 12-C-9714, 2015 WL 8153377, at *3 (N.D. Ill. Dec. 7, 2015) (citing *Mullins*, 795 F.3d at 657–58, 663–65, 672).

While the Court suspects that the Plaintiffs have identified a particular group of individuals harmed in a particular way during a specific period in particular areas, the Court withholds this determination given numerosity concerns discussed below.

## B.     Numerosity

Rule 23(a)(1) requires a class to be "so numerous that joinder of all members is impracticable." As with the other Rule 23 requirements, a plaintiff has the burden of proving that the class is so numerous that joinder is impracticable. *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976). While an exact number is not required, a class with more than forty members will generally satisfy the numerosity requirement. *Pruitt v. City of Chi.*, 472 F.3d 925, 926–27 (7th Cir. 2006). Further, a conclusory allegation that a class is so numerous to make joinder impractical does not satisfy Rule 23(a)(3). *Valentino*, 528 F.2d at 978.

In this case, the Plaintiffs allege that "[s]ince October 2014, dozens of jail inmates who are members of Muslim or Native American faith traditions have been denied the ability to participate in regular group worship and/or keep articles of religious devotion." (First Am. Class Action Compl. at ¶ 10.) The Plaintiffs also included grievance forms from inmates who have not been able to exercise their religious liberty as desired. (*See id.* at Ex. B–D, F–K.) The three named plaintiffs and two additional inmates filed the grievance forms. (*See id.*) Evidence that

shows five inmates have allegedly been denied the ability to participate in regular group worship and/or keep articles of religious devotion, combined with the conclusory allegation in the complaint that dozens of inmates have been denied the ability to participate in regular group worship and/or keep articles of religious devotion, does not satisfy Rule 23(a)(1).

Perhaps the Plaintiffs will uncover additional class members through discovery, but at present, the Plaintiffs have not submitted sufficient evidence to show that the class is so numerous that joinder of all members is impracticable.

## CONCLUSION

Accordingly, the Court DENIES, WITH LEAVE TO REFILE, the Plaintiff's First Amended Motion for Class Certification [ECF No. 31].

SO ORDERED on December 5, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT